Floyd W. Bybee, #012651
Law Office of
Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Barbara Timms, an individual; | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| Donald S. Burak, d.b.a. Law Offices | ) | |
| of Donald S. Burak, Esq.; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | (Jury Trial Demanded) |
| | ) | |

Plaintiff alleges as follows:

I.  Preliminary Statement

1.    Plaintiff brings this action for damages based upon Defendant's
violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692
et seq. (hereinafter "FDCPA").  In the course of attempting to collect a
debt allegedly owed by Plaintiff, Defendant engaged in deceptive,
unfair and abusive debt collection practices in violation of the FDCPA.
Plaintiff seeks to recover her actual damages, and statutory damages,
as well as reasonable attorney's fees and costs.

II.  Statutory Structure of FDCPA

2.   Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.   The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5.   The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6.   The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages

1    up to $1,000; attorney's fees as determined by the Court and costs of

2    the action. FDCPA § 1692k.

3                            III.  Jurisdiction

4    8.   Jurisdiction of this Court, over this action and the parties herein,

5         arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337.

6         Venue lies in the Phoenix Division of the District of Arizona as

7         Plaintiff's claims arose from acts of the Defendant perpetrated therein.

8                            IV.  Parties

9    9.   Plaintiff, Barbara Timms, is an individual residing in Maricopa

10        County, Arizona.

11   10.  Plaintiff is allegedly obligated to pay a consumer debt.

12   11.  Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

13   12.  Defendant Donald S. Burak, d/b/a Law Offices of Donald S. Burak,

14        Esq., is an individual residing in Pennsylvania and doing business in

15        Arizona.

16   13.  Burak regularly collects or attempts to collect debts owed or asserted

17        to be owed or due another.

18   14.  Burak is a "debt collector" as defined by FDCPA § 1692a(6).

19   15.  Burak created the collection policies and procedures utilized by the

20        attorneys and other employees of his law firm.

21   16.  Burak manages the daily collection operations of his law firm, and

22        oversees the application by his attorneys and other employees of his

23        collection policies and procedures.

24                       V.  Factual Allegations

25   17.  Sometime prior to September 26, 2007, Burak was assigned, for

                               - 3 -

1    collection purposes, a debt allegedly owed by Plaintiff to Pinnacle

2    Credit Services, LLC.

3  18.   The alleged debt was originally owed to FCNB/NEWPORT NEWS.

4  19.   The alleged debt was incurred primarily for personal, family, or

5    household purposes.

6  20.   On September 28, 2007, Burak sent a letter to Plaintiff concerning the

7    alleged debt owed to Pinnacle Credit Services.  A copy of the

8    September 28, 2007 letter is attached hereto as Exhibit A and

9    incorporated herein.

10  21.   In the September 28, 2007 letter, Burak states "This is a demand for

11    full payment because you have had ample time to pay your creditor . . .

12    However, if you decide not to contact this office, our client may

13    consider all available remedies to recover on the balance due, which

14    may include an attorney review of your account."

15  22.   Exhibit A is the first written communication from Burak to Plaintiff

16    concerning the Pinnacle Credit Services debt.

17  23.   After receiving Exhibit A, Plaintiff sent Burak a letter disputing the

18    debt and stating that she refused to pay the debt because it was

19    beyond the statute of limitations.

20  24.   Burak received Plaintiff's letter on November 1, 2007.

21  25.   On November 12, 2007, Burak sent Plaintiff a second demand letter.  A

22    copy of the November 12, 2007 letter is attached hereto as Exhibit B

23    and incorporated herein.

24  26.   In the November 12, 2007 letter, Burak states that "You have failed to

25    respond to our first letter. . . However, if you decide not to contact this

- 4 -

1   office, our client may consider all available remedies to recover on the

2   balance due, which may include an attorney review of your account."

3   27.   At no time prior to sending Exhibit B to Plaintiff had Burak provided

4         Plaintiff with any verification of the alleged debt.

5   28.   Burak has never provided verification of the alleged debt to Plaintiff.

6   29.   As a result of Defendant's actions outlined above, Plaintiff has suffered

7         emotional damages including, worry, depression and other severe

8         emotional distress.

9   30.   Defendant's actions taken here were intentional, willful, and in gross

10        or reckless disregard of Plaintiff's rights and part of its persistent and

11        routine practice of debt collection.

12  31.   In the alternative, Defendant's actions were negligent.

13                          VI.  Causes of Action

14                     a.  Fair Debt Collection Practices Act

15  32.   Plaintiff repeats, realleges, and incorporates by reference the foregoing

16        paragraphs.

17  33.   Defendant's violations of the FDCPA include, but are not necessarily

18        limited to, 15 U.S.C. §§ 1692c(c), 1692e, 1692e(2)(A), 1692e(5),

19        1692e(10), and 1692g.

20  34.   As a direct result and proximate cause of Defendant's actions in

21        violation of the FDCPA, Plaintiff has suffered actual damages.

22                        VII.  Demand for Jury Trial

23        Plaintiff hereby demands a jury trial on all issues so triable.

24                         VIII.  Prayer for Relief

25        WHEREFORE, Plaintiff requests that judgment be entered against

1    Defendant for:

2         a)    Statutory damages of $1,000 pursuant to §1692k;

3         b)    Actual damages in an amount to be determined by trial;

4         c)    Costs and reasonable attorney's fees pursuant to §1692k; and

5         d)    Such other relief as may be just and proper.

6

7         DATED   March 17, 2008   .

8

9
                                    s/ Floyd W. Bybee
10                                  Floyd W. Bybee, #012651
                                    Law Office of
11                                  Floyd W. Bybee, PLLC
                                    4445 E. Holmes Ave., Ste. 107
12                                  Mesa, AZ 85206-5530
                                    Office:  (480) 756-8822
13                                  Fax: (480) 302-4186
                                    floyd@bybeelaw.com
14
                                    Attorney for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

# Exhibit A

LAW OFFICES OF
*Donald S. Burak, Esq.*
Four Greenwood Square • Suite 220
3325 Street Road
Bensalem, PA 19020
(215) 642-3400
Fax (215) 642-3401
Toll Free (800) 853-4000

Member of PA and NJ Bar

**FIRST DEMAND LETTER**

9191-2460

632964

September 28, 2007

BARBARA TIMMS
12425 W MONTEBELLO AVE
LITCHFIELD PARK, AZ 85340

RE: Creditor:                              PINNACLE CREDIT SERVICES LLC
    Your Account Number:          632964
    Original Creditor:                   FCNB/NEWPORT NEWS
    Original Account Number:     5770915219108502
    Amount Due:                         $2565.04

Dear BARBARA TIMMS,

This office represents the above named client, PINNACLE CREDIT SERVICES LLC, who has placed the above-styled matter for collection. This is a demand for full payment because you have had ample time to pay your creditor. Sometimes we can arrange installments but you must contact this office for arrangements. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you decide not to contact this office, our client may consider all available remedies to recover on the balance due, which may include an attorney review of your account.

NOTICE OF IMPORTANT RIGHTS

UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU THE CONSUMER NOTIFY US IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY OUR OFFICE. UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY-DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. IF YOU NOTIFY OUR OFFICE IN WRITING TO CEASE CONTACT BY TELEPHONE AT YOUR PLACE OF EMPLOYMENT, NO FURTHER SUCH CONTACT WILL BE MADE.

Please contact our office at 1-800-853-4000.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

9191-DM1-2460

# Exhibit B

LAW OFFICES OF
## Donald S. Burak, Esq.

Member of PA and NJ Bar

Four Greenwood Square ▪ Suite 220
3325 Street Road
Bensalem, PA 19020
(215) 642-3400
Fax (215) 642-3401
Toll Free (800) 853-4000

**SECOND DEMAND LETTER**

9191-20254

632964
BARBARA TIMMS
12627 W MODESTO DR
LITCHFIELD PARK, AZ 85340

November 12, 2007

RE: Creditor:                     PINNACLE CREDIT SERVICES LLC
    Your Account Number:          632964
    Original Creditor:            FCNB/NEWPORT NEWS
    Original Account Number:      5770915219108502
    Amount Due:                   $2565.04

Dear BARBARA TIMMS,

This office represents the above named client, PINNACLE CREDIT SERVICES LLC, who has placed the above-styled matter for collection.  This is a second demand for full payment because you have had ample time to pay your creditor.  You have failed to respond to our first letter.  Sometimes we can arrange installments but you must contact this office for arrangements.  At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you decide not to contact this office, our client may consider all available remedies to recover on the balance due, which may include an attorney review of your account.

### NOTICE OF IMPORTANT RIGHTS

UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID.  IF YOU THE CONSUMER NOTIFY US IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY OUR OFFICE.  UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY-DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  IF YOU NOTIFY OUR OFFICE IN WRITING TO CEASE CONTACT BY TELEPHONE AT YOUR PLACE OF EMPLOYMENT, NO FURTHER SUCH CONTACT WILL BE MADE.

Please contact our office at 1-800-853-4000.


**This is an attempt to collect a debt.  Any information obtained will be used for that purpose. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**